UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> DELLO RUSSO ENTERPRISES, LLC; MICHAEL DELLO RUSSO; and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. XSZ123342 as subrogees of PETA-GAYE AND MICHAEL PRINN <br><br> Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 in which the plaintiff, Capitol Specialty Insurance Corporation ("Capitol"), petitions this Court for declarations that it owes no coverage obligations, defense or indemnity, in connection with an underlying tort action by Certain Underwriters at Lloyd's, London Subscribing to Policy No. XSZ123342 as subrogees of Peta-Gaye and Michael Prinn ("Certain Underwriters") against Capitol's insureds, Dello Russo Enterprises, LLC d/b/a Dello Russo General Contracting and Michael Dello Russo d/b/a Dello Russo General Contracting (collectively, "Dello Russo"), in *Certain Underwriters v. Dello Russo*, Civil Action No. 21-0319F, filed in the Massachusetts Superior Court for Suffolk County (the "Underlying Action").

2. This Court has original jurisdiction over this action by reason of diversity of citizenship between Capitol and the defendants pursuant to the provisions of Title 28 U.S.C. §

1332. Upon information and belief, given the nature of the underlying claims and alleged damages, the amount in controversy exceeds $75,000.

3. Pursuant to 28 U.S.C. § 1391, venue is proper because the defendants are subject to personal jurisdiction in the District of Massachusetts and without a declaration of rights of the parties, Capitol will be at risk to suffer damages within Massachusetts.

## Parties

4. The Plaintiff, Capitol, has a principal place of business at 1600 Aspen Commons, Middleton, WI 53562-4718. Capitol is an approved surplus lines insurer in the Commonwealth of Massachusetts.

5. The defendant, Dello Russo Enterprises, LLC, is a Massachusetts limited liability corporation with a principal place of business at 24 Fleet Street, Boston, Massachusetts.

6. Upon information and belief, the defendant, Michael Dello Russo, is a resident of Boston, Massachusetts.

7. The defendant, Certain Underwriters, is an unincorporated association of certain persons or entities in the business of underwriting, subscribing to, or issuing policies of insurance. Though the individual Underwriters subscribing to the Policy may be located throughout the world, including Massachusetts, Certain Underwriters' principal place of business is in London, England.

## Facts

### The Underlying Action

8. On February 10, 2021, Certain Underwriters filed a subrogation Complaint against, *inter alia*, Dello Russo in Suffolk Superior Court (attached hereto as Exhibit A).

9. Certain Underwriters alleges the following facts in its Complaint:

(a)  Peta-Gaye and Michael Prinn ("the Prinns") own the four-story brick masonry building located at 279 North Street, Boston, Massachusetts ("the Building"). On March 16, 2018, the Prinns retained Dello Russo to act as the general contractor for extensive remodeling and renovation of the Building ("the Project");

(b)  Choo & Company Inc. ("Choo") designed architectural and structural construction documents which provided for the removal of all or a portion of the roof framing, floor framing, partition walls, and structural load-bearing walls;

(c)  Dello Russo contracted with Isaac Blair and Company Inc. ("Isaac Blair") to provide shoring services;

(d)  In March 2019, the construction project progressed to a second demolition phase, which required the removal of all interior finishes and non-structural partition walls, removal of a stairway and the roof structure over the stairway from the first to second floors of the Building, and removal of a bathroom and roof immediately adjacent to the removed stairway. At this time, the flooring demolition and replacement was in process, and the subfloor planks had been removed on the second, third and fourth floors;

(e)  Choo's plans required the removal of certain structural load-bearing walls, including a portion of an exterior brick and masonry wall on the south side of the Building (the "Masonry Wall"). That portion of the Masonry Wall identified for demolition was removed. Removing the building components reduced the Building's structural integrity. The shoring of the remaining components of the Building to avoid collapse was incomplete or improperly installed;

(f)  On the morning of June 28, 2019, a Della Russo employee or independent contractor hired by and working on behalf of Dello Russo, arrived at the Building and discovered vertical cracks in the Masonry Wall's bricks. The worker vacated the Building and notified Dello Russo. Throughout the day the cracks in the Masonry Wall grew larger. The Masonry Wall then failed, causing the Building to collapse. The City of Boston later required the Building to be demolished;

(g)  The collapse was caused by the demolition of Building components required for structural integrity and deficient shoring. The demolition of the Building components either: (a) complied with the Choo plans, yet failed to comply with accepted practices, industry standards, applicable ordinances, law, rules, or regulations; or, (b) failed to comply with the Choo Plans creating a reasonably foreseeable risk of collapse; and

  (h) As a result of the collapse, the Prinns incurred at least $1,142,476.88 in damages. Certain Underwriters paid $1,139,976.88.

10. The First Cause of Action alleges a negligence claim against unidentified John Does 1 through 5 (Dello Russo's employees or contractors). These individuals negligently caused the collapse by: (a) removing Building components that provided necessary lateral bracing and structural support; (b) failing to ensure that the remaining Building components were properly stabilized with shoring; and, (c) failing to install emergency shoring after cracks in the bricks appeared.

11. The Second Cause of Action alleges a respondeat superior claim against Dello Russo based on its responsibility for the negligence of its employees and/or independent contractors.

12. The Third Cause of Action alleges a negligent hiring, training, and supervision claim against Dello Russo based on the hiring, training, and supervision of its employees and/or independent contractors involved in the Project.

13. The Fourth Cause of Action alleges a breach of contract claim against Dello Russo. Dello Russo failed to perform its obligations under the construction agreement by not providing using good and workmanlike services or complying with the industry standards.

14. The Fifth Cause of Action alleges a breach of the implied warranty of good and workmanlike services claim against Dello Russo. Dello Russo Dello Russo knew or should have known that: (a) removing the Building's lateral bracing components would reduce structural integrity; (b) failing to properly install sufficient shoring would not stabilize the Building's structural integrity; and, (c) failing to immediately install emergency shoring after cracks appeared would create an unreasonable risk of harm.

**The Capitol Policy**

15.     Capitol issued a Commercial General Liability, number CS17007893-2, to Dello Russo Enterprises for the policy period November 1, 2018 to November 1, 2019 (the "Policy"). The Policy's Commercial General Liability coverage is subject to a liability limit of $1,000,000 per "occurrence," and a general aggregate liability limit of $2,000,000. The Policy is attached hereto as Exhibit B.

16.     The Policy includes a "Commercial General Liability Coverage Form" which affords coverage for "property damage" as follows: "We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."  [Form CG 00 01 04 13, p. 1, Section I Coverage A Insuring Agreement].

17.     The Policy "applies to . . . property damage only if: (1) The . . . property damage is caused by an occurrence that takes place in the coverage territory; [and] (2) The . . . property damage occurs during the policy period[.]" *Id*.  "Property damage" means "a. Physical injury to tangible property, including all resulting loss of use of that property. …b. Loss of use of tangible property that is not physically injured[.]" [Form CG 00 01 04 13, p, 15]

18.     "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  Id.

19.     The Policy contains the following exclusions:

The insurance does not apply to:

\*\*\*

c.      **Contractual Liability**

>    **Bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement[.]
>
>                                     \*\*\*
>
> j.     **Damage To Property**
>
> "Property damage" to:
>
> (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
>                                    \* \* \*
>
> Paragraph (6) of this exclusion does not apply to "property damage" included the "products-completed operations hazard".

[Form CG 00 01 04 13, pp. 2, 4-5, Section I Coverage A Exclusions].

20.    "Your work" includes "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations[.]" [Form CG 00 01 04 13, p. 16, Section V Definitions].

21.    The "Products-completed operations hazard" is defined as "all . . . 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: … [w]ork that has not yet been competed or abandoned." [Form CG 00 01 04 13, p. 15, Section V Definitions].

### Capitol's Defense of Dello Russo

22.    Capitol has been providing Dello Russo with a defense against the Underlying Matter subject to a reservation of rights.

23.    In a March 31, 2021, coverage position letter, Capitol explained that:

The Policy's insuring agreement obligates Capitol to pay sums that Dello Russo becomes legally obligated to pay as damages because of property damage caused

by an "occurrence." In Massachusetts, however, the normal, foreseeable, and expected consequences of faulty performed work do not constitute an "occurrence." The scope of Dello Russo's work at the Project involved the entire Building and the allegedly faulty work resulted in the destruction of the Building. Capitol does not have a duty to defend or indemnify Dello Russo against the costs incurred to reconstruct the Building because such costs do not involve "property damage" arising from an "occurrence" during the policy period.

***

The Policy's j(5) exclusion precludes coverage for property damage to that part of real property on which Dello Russo was working if the property damage arose out of those operations, and the Policy's j(6) exclusion precludes coverage for property damage to that particular part of any property that must be restored, repaired, or replaced because Dello Russo's work was incorrectly performed on it. Capitol does not have a duty to defend or indemnify Dello Russo against the costs incurred in repairing Dello Russo's allegedly defective construction work. Based on the facts of the incident, the Policy's property damage exclusions will likely preclude Capitol from having a duty to indemnify Dello Russo against the damages sought in the 279 North Street matter because the alleged "property damage" arises out of "[t]hat particular part of real property [i.e., the entire building located at 279 North Street] on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations[.]"

## COUNT I
**(Declarations of Rights and Obligations Concerning the Underlying Action)**

24. Capitol incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth again herein.

25. This is a claim for declaratory relief concerning insurance coverage for the defense liabilities that the Underlying Action presents, and/or for the potential indemnity liabilities that it presents.

26. An actual controversy exists as to whether Capitol owes any coverage obligations, defense or indemnity, under the Capitol Policy for any of the allegations in the Underlying Action.

27. Capitol is entitled to declaration that it is not obligated to defend or indemnify Dello Russo because Certain Underwriters does not seek to recover "property damage" arising from an "occurrence," and in any event, the allegations fall within the scope of Policy exclusions.

## PRAYERS FOR RELIEF

**WHEREFORE** the plaintiff, Capitol, respectfully requests that this Court enter an Order declaring that:

a.  Capitol is not obligated to defend or indemnify Dello Russo against the Underlying Action; and

b.  Capitol may withdraw the defense that is being provided to Dello Russo for the Underlying Action.

Capitol respectfully requests that this Court award such further relief as it deems just and proper.

**Capitol demands trial by jury on all issues so triable.**

Respectfully submitted, Plaintiff,
CAPITOL SPECIALTY INSURANCE CORPORATION,
By its attorneys,

/s/ Robert J. Maselek, Jr.
Robert J. Maselek, Jr. (BBO No. 564690)
**MCDONOUGH, COHEN & MASELEK, LLP**
205B Willow Street, 2nd Floor
South Hamilton, MA 01982
Tel: (617) 742-6520
Fax: (617) 742-1393
rmaselek@mcmlawfirm.com

Dated: June 4, 2021